UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JON P.,

    Plaintiff,

v.

ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1]

    Defendant.

No. 2:19-CV-00035-JTR

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 12, 13. Attorney Lora Lee Stover represents Jon P. (Plaintiff); Special Assistant United States Attorney Benjamin J. Groebner represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on October 23, 2014, alleging disability since July 15, 2014 due to anxiety, dysthymic disorder, depression, limited cognitive ability, back injury, left knee injury, left ankle injury, left elbow injury, and headaches. Tr. 153. The applications were denied initially and upon reconsideration. Tr. 206-09, 211-15. Administrative Law Judge (ALJ) Lori Freund held an initial hearing on November 8, 2016, Tr. 79-111, and a supplemental hearing on July 18, 2017, Tr. 112-151. She issued an unfavorable decision on February 21, 2018. Tr. 16-33. Plaintiff requested review from the Appeals Council and the Appeals Council denied the request on November 26, 2018. Tr. 1-5. The ALJ's February 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 23, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1967 and was 46 years old as of his alleged onset date. Tr. 30. He dropped out of school in the 11th grade and never completed his GED. Tr. 625. He worked a series of kitchen jobs, including dishwashing, kitchen helper, and cook. Tr. 141. He has a long history of opiate abuse, currently maintained on methadone treatment. Tr. 86, 536, 798. He has also received treatment for long-term depression and social anxiety. Tr. 121.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment

to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(40(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On February 21, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 15, 2014, the alleged onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: persistent depressive disorder, social anxiety disorder, degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, and bilateral congenital glenoid hypoplasia. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 23-24.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform light exertional work, with the following specific limitations:

> he can lift/carry up to 20 pounds occasionally and 10 pounds frequently, stand/walk 6 hours in an 8-hour workday and sit 6 hours in an 8-hour workday. The claimant is limited to frequent push/pull with the bilateral upper extremities; occasional climbing of ramps and stairs; no climbing of ladders, ropes or scaffolds; frequent balancing, stooping, kneeling and crouching; occasional overhead reaching with the bilateral upper extremities and frequent reaching in all other directions; avoid all exposure to excessive vibration and hazardous machinery. The claimant is limited to simple and repetitive tasks; should avoid working with or around the general public (this includes no work in any type of public setting such as store, sports arena, etc.); should avoid any type of tandem jobs/tandem teamwork; and should avoid any type of fast paced or timed work.

Tr. 22.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a cook, cook helper, or kitchen helper. Tr. 30.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of housekeeping cleaner, price marker, and mail clerk. Tr. 30-31.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from July 15, 2014, the alleged onset date, through February 21, 2018, the date of the decision. Tr. 33.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting his symptom testimony; and (2) improperly assessing the residual functional capacity, specifically in failing to account for Plaintiff's statements and Dr. Winfrey's testimony at the hearing.[2]

## DISCUSSION

**1.    Plaintiff's symptom statements**

Plaintiff alleges the ALJ erred in rejecting his symptom testimony without providing adequate reasons. ECF No. 12 at 13-16.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be

---

[2] Plaintiff also lists a third issue regarding the ALJ making erroneous step five findings. ECF No. 12 at 11. This assignment of error is based on success on either of the other two assigned errors and was not independently briefed.

supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 25. With respect to Plaintiff's physical impairments and claimed limitations, the ALJ found Plaintiff's allegations to be undermined by the lack of supporting objective evidence, Plaintiff's minimal treatment for physical problems, his failure to mention any significant physical problems until late 2016, his repeated reports of being in good physical health, and consistently unremarkable physical exams. Tr. 25-26. Regarding Plaintiff's mental health allegations, the ALJ found his reports to be unsupported by the totality of the record, including the lack of notable objective mental status findings, Plaintiff's improvement with medication compliance and sobriety, his occasional reports that he was doing well, the non-disabling testimony of the medical expert at the hearing, documented activities that were inconsistent with Plaintiff's reports, and misrepresentations in the record regarding substance use. Tr. 26-28.

Plaintiff argues the ALJ improperly found his complaints of anxiety and social phobia to be inconsistent with his activities, noting the opinion evidence from Dr. Winfrey and Dr. Arnold supported his allegations. ECF. No. 12 at 14-15. Plaintiff also argues that the activities identified by the ALJ as inconsistent with Plaintiff's allegations do not demonstrate any actual inconsistency, as the record is devoid of evidence regarding the frequency and duration of any of the activities. *Id.* at 15.

"If the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the Commissioner." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Plaintiff's argument amounts to a reweighing of the evidence, offering an alternative interpretation of the record and reaching another conclusion. Plaintiff fails to assign any specific legal error to the ALJ's analysis. Furthermore, Plaintiff has failed to offer any challenge to the ALJ's other stated reasons, and has therefore waived such arguments. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

The Court finds that the ALJ's reasoning is supported by substantial evidence. Unexplained or inadequately explained reasons for failing to seek medical treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). A claimant's daily activities may support an adverse credibility finding if the activities contradict his other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Inconsistent statements throughout the record are a legitimate factor for the ALJ to consider. *Tonapetyan v. Halter*, 242 F.3d 144, 1148 (9th Cir. 2011). Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Therefore, even if the ALJ erred in finding that Plaintiff's daily activities were inconsistent with his claimed functional limitations, the remaining reasons were specific, clear and convincing, so any error is harmless. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ's interpretation of the record is supported by substantial evidence.

**2.    Formulation of the RFC**

Plaintiff contends the RFC is incomplete because it failed to account for his alleged physical impairments. ECF No. 12 at 16. As the court finds the ALJ did

not err in discounting Plaintiff's subjective complaints, the ALJ did not err in failing to include the alleged physical limitations when formulating the RFC.

Plaintiff further alleges the RFC was incomplete due to the ALJ's failure to include Dr. Winfrey's testimony regarding the need for an understanding supervisor and a job coach or other companion on his first day of work. ECF No. 12 at 17. Plaintiff's argument misstates Dr. Winfrey's testimony. At the hearing, Dr. Winfrey testified that she did *not* believe Plaintiff would need an additional person on the job with him, though someone going with him the first day could be helpful. Tr. 125-26. Additionally, she testified that Plaintiff should have supervision that was not "over the shoulder," and that he "should have an informed supervisor who understands the issues, and doesn't, you know, disregard the fact that he has an anxiety disorder." Tr. 124-25. However, these features were not presented as imperatives in the workplace, but rather factors that would optimize success. *Id.* An ALJ is not required to include recommendations in the RFC that are not specific functional limitations. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 691-92 (9th Cir. 2009).

Furthermore, the vocational expert testified that none of the jobs she identified required supervision unless the worker was not doing his job, and that they therefore did not involve "over the shoulder kind of supervision." Tr. 146. Therefore, even if the ALJ had erred in omitting the supervision features from the RFC, it would be a harmless error.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is therefore affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED November 25, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE